**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Jamie Lee Hawkins and Ronald Keiser, Defendants,

Of Whom Ronald Keiser is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2012-213246

Appeal From Spartanburg County
James F. Fraley, Jr., Family Court Judge

Unpublished Opinion No. 2014-UP-261
Submitted May 29, 2014 – Filed June 24, 2014

**AFFIRMED**

Mary Elizabeth Parrilla, of The Parrilla Law Firm, LLC, of Greenville, for Appellant.

Deborah Murdock, of Murdock Law Firm, LLC, of Mauldin, for Respondent.

Michael Todd Thigpen, of Spartanburg, for Guardian ad Litem

---

**PER CURIAM:**  Ronald Keiser (Father) appeals the family court's order terminating his parental rights (TPR) to his minor child (Child).  *See* S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2013).  On appeal, Father argues the family court erred by finding (1) Father's failure to visit and support was willful, and (2) TPR was in Child's best interest.  We affirm.

1.  The family court found the following statutory grounds for TPR were met: (1) Child lived outside Father's home for six months and Father failed to remedy the conditions that caused the removal; (2) Child lived outside Father's home for six months and Father willfully failed to visit Child; (3) Child lived outside Father's home for six months and Father willfully failed to support Child; and (4) Father willfully abandoned Child.  We find the family court properly found Father willfully abandoned Child.[1]  *See* S.C. Code Ann. § 63-7-20(1) (2010) ("'Abandonment of a child' means a parent or guardian [willfully] deserts a child or [willfully] surrenders physical possession of a child without making adequate arrangements for the child's needs or the continuing care of the child."); *S.C. Dep't of Soc. Servs. v. Ledford*, 357 S.C. 371, 376, 593 S.E.2d 175, 177 (Ct. App. 2004) (finding a parent is required to take the necessary steps to assure that his or her child is continuing to receive care).

2.  We find the family court properly found TPR was in Child's best interest.  *See Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 102, 627 S.E.2d 765, 774 (Ct. App. 2006) ("In TPR cases, the best interest of the child is the

---

[1] Because the family court correctly found abandonment was a ground for TPR, no other statutory ground is necessary.  *See* S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2013) ("The family court may order [TPR] upon a finding of *one* or more of the [statutory grounds]." (emphasis added)); *Doe v. Baby Boy Roe*, 353 S.C. 576, 581, 578 S.E.2d 733, 736 (Ct. App. 2003) ("Having found *one ground* on which the family court properly terminated [the parent]'s parental rights, we need only determine that [TPR] is in [the child]'s best interests to affirm the family court's termination." (emphasis added)).

paramount consideration."); *id*. ("The interests of the child shall prevail if the child's interest and the parental rights conflict." (quoting S.C. Code Ann. § 63-7-2620 (2010))).

**AFFIRMED.**[2]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.